## HILBORNE *vs.* BROWN & *al.*

A. being the owner of a blacksmith shop, placed it upon the land of B. under a parol license from the latter, setting it upon stone pillars and building the forge upon the ground. B. afterwards conveyed the land making no reservation of the shop, and the purchasers entered and converted the shop to their own use. *Held,* that they were liable to A. in an action of *trover,* for the value of the shop.

THIS was an action of *trover* for a blacksmith shop, and was tried upon the general issue, by *Parris J.* at the last *October Term,* in this county.

It appeared in evidence, that the shop in question, which was the plaintiff's property, was placed upon land belonging to the heirs of *Andrew Craige,* deceased, in 1827, under a license or *parol* permission of *Wm. C. Whitney,* their agent, on the plaintiff's agreeing to pay a ground rent of two dollars *per annum.* That, in 1832, the said heirs conveyed the land on which the shop stood to the defendants, making no reservation of the shop, who entered and converted the shop to their own use.

It appeared that the shop was placed upon stone pillars, and the forge was built upon the ground.

The defendant's counsel contended, that the plaintiff had no right to the shop, but that it passed by the conveyance from the heirs to the defendants, as a part of the estate, — that it was so attached to the soil, as that the plaintiff had no right to remove it, either against the heirs or their grantees. But the presiding Judge ruled otherwise, and directed the jury to find the value of the shop, standing on the premises at the time of the conversion, and also the value of the shop to be removed. The jury found the value of the shop, as it stood on the premises at said time, to be $73 — and the value of it to be removed was $54. The Court directed a verdict to be entered for the largest sum, subject to the opinion of the whole Court.

*Fessenden,* for the defendants, contended that the shop, erected as it was, upon a permanent foundation, passed by a deed of the land, and cited *Waterhouse* v. *Gibson & al.* 4 *Greenl.* 230; *Co. Litt.* 4, *a.* If there was any *conversion* in the case, it was by the heirs of *Craige,* and against them the plaintiff should seek

his remedy. *Wells* v. *Bannister*, 4 *Mass.* 514; *Cook* v. *Stevens*, 11 *Mass.* 533; *Osgood* v. *Howard*, 6 *Greenl.* 452; 1 *Saund.* 320; 1 *Salk.* 368; 3 *East*, 52.

*Mellen*, for the plaintiff, cited *Wells* v. *Bannister*, 4 *Mass.* 514; *Osgood* v. *Howard*, 6 *Greenl.* 452; *Russell* v. *Richards*, 1 *Fairf.* 429.

PARRIS J. — If *Hilborne* owned the shop, the action is maintainable against the defendant, inasmuch as the case finds the conversion.

The plaintiff erected the shop under a license from the heirs of *Craige*, who owned the site on which it was placed. He paid a yearly ground rent for his license, and, as between him and the heirs, it is not denied that he was the legal owner of the building.

But it is contended, that the shop passed to the defendant, by virtue of the deed to him from the heirs of *Craige*. Such would have been the operation of that deed, if the shop had been the property of the grantors. But being the property of the plaintiff, and having been erected and continued there by permission of the heirs, they had no interest in it, or legal right to it, and consequently, could not make any conveyance by which it would pass to the defendant. It remained the plaintiff's property after the conveyance to *Brown*, the same as before, and the defendant, having converted it to his own use, as the jury have found he did, is as clearly liable for damages in this form of action, as the heirs of *Craige* would have been, if they had taken possession of the shop and converted it to their use. The case of *Russell* v. *Richards*, 1 *Fairf.* 429, is a conclusive authority for the plaintiff.

There must be judgment on the verdict.